UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| RICKY SHULTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-1377 |
| | ) | |
| CLIFF POTTS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at FCI Milan, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment claims for excessive force and failure to provide adequate medical care arising from his detention at the Livingston County Jail. The matter comes before this Court for ruling on the Defendants' Motions for Summary Judgment on the issue of exhaustion of administrative remedies. (Docs. 52, 55). The motions are granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff filed this lawsuit on December 28, 2021. (Doc. 1). The Court's Order entered June 9, 2022, granted Plaintiff's motion for leave to file an amended complaint and found that Plaintiff stated a Fourteenth Amendment claims for excessive force against Defendants Potts, Shoop, and Bryce, and for failure to provide adequate medical care against Defendants Alyssa and Franklin. (Doc. 21). Plaintiff's claims arise from events that alleged occurred on June 11, 2020. (Doc. 22).

The Livingston County Jail Detainee Handbook provides:

**DETAINEE GRIEVANCES**
A grievance is an internal, confidential process for the resolution of complaints.
It is not a process to:
- Request services
- Insult staff
- Retaliate against staff
A detainee must attempt to informally resolve the issue before filing a grievance. Grievances should not be the only method for resolving an issue. If a detainee cannot resolve the issue informally, he/she should explain why in the grievance. If a detainee files a misleading, slandering (false accusations), including false emergency grievances, the detainee may be subject to disciplinary action or other appropriate action as determined by the Jail Superintendent.

**FILING STANDARD GRIEVANCES**
Grievance forms are available at all times on the kiosk. It is important to fill out the grievance form completely. Detainees may receive assistance in filing procedures from a staff or another detainee.
Detainees must submit grievances within five (5) days of the incident prompting the grievance. Only one grievance may be filed for any single incident or concern. The grievance request must not contain more than one issue. A grieved issue must not contain offensive or harassing language. A grievance may be withdrawn at any time by submitting such notification in writing to the Jail Superintendent.

**RESPONSES TO GRIEVANCES**
The Jail Superintendent will designate one staff member to review detainee grievances. The grievance Officer will investigate and review all grievances and

report their findings in writing to the Jail Superintendent and to the Detainee filing the grievance.

**APPEALING A GRIEVANCE RESPONSE**
When a detainee is dissatisfied with the resolution of his/her grievance, he/she may, within five working days of receipt of written notice, appeal in writing to the Jail Superintendent. The Superintendent shall notify the detainee in writing, within twenty working days, (when possible) of the decision of the appeal. If the detainee is still not satisfied, he/she may appeal to the Standards Unit in writing:

Office of Jail and Detention Standards
P.O. Box 19277
1301 Concordia Court
Springfield, IL 62794-9277

(Doc. 52-2 at 7-8).

Plaintiff filed grievances unrelated to the issues in this lawsuit via the kiosk on: June 11, 2020; July 27, 2020; and, September 11, 2020. (Docs. 52-3 at 2-3; 55-3 at 1). On November 17, 2021, he filed a grievance about the Defendants' alleged use of excessive force on June 11, 2020. (Doc. 55-3). Jail officials opened an investigation into the matter shortly thereafter, and they informed Plaintiff on March 2, 2022, that investigators determined that the officers' actions were justified. (Doc. 55-3 at 9). Plaintiff appealed to the jail superintendent on March 2, 2022. (Doc. 55-3 at 10). The superintendent denied the appeal on March 18, 2022. *Id.* The record does not disclose that Plaintiff appealed the superintendent's decision to the Office of Jail and Detention Standards.

Plaintiff filed a grievance dated July 27, 2020, regarding to preexisting lower back pain, and a grievance dated March 24, 2021, regarding unspecified medical problems. (Doc. 55-3 at 1, 4). Neither address the denial of treatment Plaintiff alleges in this lawsuit.

ANALYSIS

Failure to exhaust is an affirmative defense, and, therefore, defendants bear the burden of showing that a prisoner failed to exhaust all available remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The PLRA does not define the process a prisoner must utilize; rather, "state law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018).

A detainee may not exhaust administrative remedies while a lawsuit is pending. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020); *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004). At the time Plaintiff filed this lawsuit, his grievance was still pending investigation. At least part of the appeal's process remained available to Plaintiff via the kiosk system once he received the jail's response. Plaintiff did not file any grievances related to the alleged lack of treatment he alleges. The Court finds that Plaintiff failed to fully exhaust administrative remedies prior to filing this lawsuit.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motions for Summary Judgment [52][55] are GRANTED. This case is dismissed without prejudice. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable**

assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). **If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 23rd day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE